IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CRUM & FORSTER SPECIALTY** ) | |
| **INSURANCE COMPANY,** *et al.*, ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION 16-0185-WS-M** |
| ) | |
| **ARD CONTRACTING, INC.,** ) | |
| ) | |
|     **Defendant.** ) | |

**ORDER**

This matter comes before the Court on the Motion to Dismiss for Improper Venue (doc. 11) filed by defendant, Ard Contracting, Inc. The Motion has been briefed and is ripe for disposition.

**I.     Background.**

This declaratory judgment action was brought by plaintiffs, Crum & Forster Specialty Insurance Company and First Mercury Insurance Company, against defendant, Ard Contracting, Inc.[1] According to the well-pleaded allegations of the Amended Complaint (doc. 3), Mirabella Owners' Association filed suit against Ard Contracting in the Circuit Court for Escambia County, Florida, in July 2014 alleging that Ard Contracting was a joint venturer involved in the construction of the Mirabella Condominium, located at Perdido Key, Florida. Mirabella maintained that this condominium development was plagued by latent construction defects (such as columns that did not comply with project architectural drawings and that allowed intrusion of

---

[1] At the outset of this case, Crum & Forster and First Mercury also proceeded against a second defendant, Mirabella Owners' Association, Inc., a Florida corporation with its principal place of business in Escambia County, Florida. (*See* doc. 3, ¶ 10.) During the pendency of the Motion to Dismiss, however, plaintiffs filed a Notice of Dismissal (doc. 14) wherein they dismissed without prejudice their claims against Mirabella pursuant to Rule 41(a)(1)(A)(i), Fed.R.Civ.P. (*See* doc. 15.) As such, Ard Contracting is the sole remaining defendant.

water and moisture, as well as defective stucco application on the columns that allowed moisture and water to enter into the condominium building). Mirabella sought to recover damages against Ard Contracting for those deficiencies on theories of breach of statutory warranty and negligence. (Doc. 1, Exhs. A & B.)

In their Amended Complaint in this District Court, Crum & Forster and First Mercury allege that they issued commercial general liability insurance policies to Ard Contracting during the time period from December 2006 through March 2014. Plaintiffs further allege that those insurance policies do not provide coverage to Ard Contracting with respect to the claims and damages asserted by Mirabella in the underlying suit. According to plaintiffs, a bona fide controversy has arisen between the parties as to their respective rights and obligations pursuant to those insurance policies as applied to Mirabella's claims against Ard Contracting. On that basis, Crum & Forster and First Mercury seek a judicial declaration that the subject insurance policies entitle Ard Contracting to neither a defense nor indemnity in the underlying suit.

**II.     Analysis.**

Ard Contracting filed a Motion to Dismiss seeking dismissal of this action for improper venue, pursuant to Rule 12(b)(3), Fed.R.Civ.P. The sole form of relief requested in the Motion is as follows: "This Court should rule that venue is improper in this district, and dismiss this action." (Doc. 11, at 6.) To support its venue argument, Ard Contracting shows that it is an Alabama corporation with its principal place of business in Birmingham, Alabama, which lies in the Northern District of Alabama; that the Mirabella Condominium project on which the insurance coverage dispute is focused was constructed entirely in Escambia County, Florida, which lies in the Northern District of Florida; that no events or omissions relating to that construction project took place in the Southern District of Alabama; and that the subject insurance policies were all issued or delivered to Ard Contracting in the Northern District of Alabama. (Ard Aff. (doc. 11, Exh. 1), ¶¶ 3-5.) Based on these factual averments, Ard Contracting maintains that venue in the Southern District of Alabama does not properly lie.

The relevant subsection of the venue statute provides that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Because Ard Contracting is admittedly an Alabama corporation and is the only named defendant remaining in this action, there can be no dispute that "all defendants are residents of the State in which the district is located." The critical

question, then, is whether Ard Contracting "resides" in this judicial district for purposes of § 1391(b)(1). If so, then venue is proper here and the Rule 12(b)(3) Motion must be denied.

Where, as here, a state has more than one judicial district (Alabama has three) and a defendant corporation is subject to personal jurisdiction in that state (which Ard Contracting clearly is), "such corporation ***shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State***, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d) (emphasis added). All information before the Court strongly suggests that Ard Contracting meets the § 1391(d) test to be deemed to reside in the Southern District of Alabama for venue purposes. Indeed, defendant's submission reflects that Ard Contracting "has performed work on multiple construction projects in the Southern District of Alabama over the years, both before and after the construction of the Mirabella Condominium." (Ard Aff., ¶ 6.) That admission effectively confirms that Ard Contracting's general business contacts with the Southern District of Alabama would suffice to subject it to personal jurisdiction here if the Southern District were a separate state. Defendant acknowledges as much in its principal brief. (Doc. 11, at 3 (conceding that Ard Contracting "might arguably be considered a 'resident' of the Southern District of Alabama under § 1391(d)").)[2]

Ard Contracting does not maintain that personal jurisdiction could not be exercised over it in the Southern District of Alabama, much less offer evidence that it should not be deemed to "reside" here for venue purposes by operation of 28 U.S.C. § 1391(d). Because all indications are that Ard Contracting in fact "resides" in this judicial district for venue purposes, and because

---

[2] Defendant amplifies these sentiments in its reply, stating that Ard Contracting "conducts the majority of its business dealings in the Northern District of Alabama and not the Southern District." (Doc. 20, at 3.) This implies, of course, that a significant minority of Ard Contracting's business dealings occur in this judicial district, so as to support personal jurisdiction. Elsewhere in that reply, Ard Contracting indicates that "venue might arguably be proper in the Southern District of Alabama" and posits that "assuming arguendo, venue is technically proper in the Southern District," the case should still be dismissed. (*Id.* at 1, 3.) Nowhere in that reply does defendant articulate any facts or reasoning to suggest that venue would be improper in the Southern District of Alabama.

Ard Contracting (the only remaining defendant) plainly is a resident of the State of Alabama, the Court concludes that venue properly lies in this judicial district pursuant to § 1391(b)(1).

In making that determination, the undersigned considers and rejects the new arguments presented in Ard Contracting's reply. Defendant's reply posits that Ard Contracting should be deemed to reside for venue purposes in the district "within which it has the most significant contacts." (Doc. 20, at 1.) This argument is at odds with the statutory language. By its plain terms, § 1391(d) provides that a "corporation shall be deemed to reside in the district within which it has the most significant contacts" *only if* "there is no such district" in this state in which its contacts would be sufficient to subject it to personal jurisdiction. *Id.*[3] Here, by contrast, there is such a district in the State of Alabama in which Ard Contracting has sufficient contacts to be subjected to personal jurisdiction. Therefore, the "most significant contacts" clause of § 1391(d) (which is triggered only if "there is no such district") is inapplicable. Defendant's reliance on same is misplaced.

Nor does the Rule 12(b)(3) Motion find support in defendant's citation to *Algodonera De Las Cabezas, S.A. v. American Suisse Capital, Inc.*, 432 F.3d 1343 (11th Cir. 2005). In *Algodonera*, the Eleventh Circuit considered a now-superseded version of § 1391 and found error in the district court's interpretation that "venue is improper in diversity cases any time the case could be brought in another district." *Id.* at 1345. Ard Contracting suggests that *Algodonera* stands for the proposition that "where venue may be proper in more than one particular district court, the court in its discretion may determine if venue is more appropriate in a separate district court." (Doc. 20, at 3.) It does not. The *Algodonera* court did not invite district courts to compare which of multiple proper venues was more appropriate in the context of a Rule 12(b)(3) motion. Indeed, the *Algodonera* court did not find that there were multiple proper venues in that case; to the contrary, it criticized the district court for incorrectly looking to the 28 U.S.C. § 1391(a)(3) "fall-back" provision to determine venue when venue was available

---

[3] Again, the relevant statutory provision is as follows: "[S]uch corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, *if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.*" 28 U.S.C. § 1391(d) (emphasis added).

under (and governed by) § 1391(a)(1) instead.  In short, *Algodonera* lends no support to Ard Contracting's Motion to Dismiss for Improper Venue.

Likewise, defendant derives no traction from its invitation in the reply to "discuss, consider, and even dismiss based upon arguments as to which of two potentially proper venue locations is more directly related to the claims giving rise to the litigation, where the events have taken place, or where a substantial part of the events are to be considered." (Doc. 20, at 4.) Once again, this matter comes before the Court on a Rule 12(b)(3) motion to dismiss this case based on improper venue.  (*See* doc. 11, at 1 ("Motion of Ard Contracting, Inc., to Dismiss *for Improper Venue*") (emphasis added).)  As such, the touchstone of Ard Contracting's Motion is and must be that venue is not proper in this District Court.  The only legal question raised by that Motion is whether venue is improper here.  If, as Ard Contracting now appears to be conceding, venue is actually proper in the Southern District of Alabama by operation of 28 U.S.C. § 1391(b)(1), then the Rule 12(b)(3) Motion is due to be denied.  *See, e.g.,* Wright & Miller, 5B *Fed. Prac. & Proc.* § 1352 (3d ed.) ("If a defect in venue is not demonstrated, the district judge will deny the motion to dismiss.").  There are no other issues or motions before the Court at this time; therefore, Ard Contracting's musings in a reply brief as to which of two potentially proper venues might be more appropriate has not been presented to the Court or to opposing counsel via an appropriate motion.  If Ard Contracting wishes to seek further or different relief than that requested in its Motion to Dismiss for Improper Venue, then it must file an appropriate motion, supported by exhibits and authorities as appropriate.  *See* General L.R. 7 ("A request for Court action must be presented by motion ….").

### III.   Conclusion.

For all of the foregoing reasons, defendant's Motion to Dismiss for Improper Venue (doc. 11) is **denied**.  Venue properly lies in the Southern District of Alabama by operation of 28 U.S.C. §§ 1391(b)(1) and 1391(d).

DONE and ORDERED this 12th day of August, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE