**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CRUM & FORSTER SPECIALTY** | ) | |
| **INSURANCE COMPANY,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 16-0185-WS-M** |
| | ) | |
| **ARD CONTRACTING, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter comes before the Court on defendant's Motion to Dismiss (doc. 21) and plaintiffs' Motion for Joinder of Non-Party (doc. 28). Both motions have been briefed and are now ripe for disposition.

The procedural posture of this case is unusual. Plaintiffs, Crum & Forster Specialty Insurance Company and First Mercury Insurance Company, initially brought this declaratory judgment action against a pair of defendants, Ard Contracting, Inc. and Mirabella Owners' Association, Inc. According to the pleadings, a dispute arose between Ard Contracting and Mirabella over allegations of defective work by Ard Contracting in the construction of the Mirabella Condominium in Perdido Key, Florida.[1] On that basis, Mirabella filed suit against Ard Contracting in the Circuit Court for Escambia County, Florida, in July 2014. Crum & Forster and First Mercury had issued commercial general liability insurance policies to Ard Contracting during the relevant time period. They brought this declaratory judgment action against Ard Contracting and Mirabella seeking a declaration that the subject policies entitle Ard Contracting to neither a defense nor indemnity in the Escambia County lawsuit.

Shortly after this declaratory judgment action commenced, Ard Contracting filed a Motion to Dismiss (doc. 11) on the ground of improper venue, pursuant to Rule 12(b)(3),

---

[1]      In particular, Mirabella asserted that certain errors by Ard Contracting in constructing columns and applying stucco had allowed water and moisture intrusion into the building.

Fed.R.Civ.P. Ard Contracting reasoned that defendant Mirabella was a resident only of Escambia County, Florida, thereby preventing venue from being appropriate in this District Court pursuant to 28 U.S.C. § 1391(b)(1). Plaintiffs responded by filing a Notice of Dismissal (doc. 14) wherein they dismissed without prejudice all claims against Mirabella pursuant to Rule 41(a)(1)(A)(i), Fed.R.Civ.P. Following the voluntary dismissal of Mirabella, the Court concluded that venue over this action as between plaintiffs and Ard Contracting (now the lone remaining defendant) was proper in this District Court pursuant to § 1391(b)(1). Via Order (doc. 22) dated August 12, 2016, the undersigned denied Ard Contracting's Rule 12(b)(3) Motion.

Undaunted, Ard Contracting now pursues a second Motion to Dismiss (doc. 21), this time for failure to join an indispensable party. Movant reasons that plaintiffs' voluntary dismissal of Mirabella to cure the venue deficiencies created a new, distinct defect warranting dismissal under the Federal Rules of Civil Procedure. The gravamen of Ard Contracting's present Motion is that "[h]aving dismissed Mirabella from the lawsuit, the Insurers have dismissed an indispensable party necessary for the suit to proceed, and so this entire action should be dismissed" pursuant to Rule 19(b), Fed.R.Civ.P. (Doc. 21, at 11.) In Ard Contracting's view, Mirabella is an indispensable party within the meaning of Rule 19 because its status as a claimant against Ard Contracting in the underlying action gives it an interest in the outcome of this insurance coverage dispute as between plaintiffs and Ard Contracting. Defendant cites various case authorities in support of this position.

In response, plaintiffs did not endeavor to make a showing that Mirabella is not an indispensable party for Rule 19 purposes. Instead, plaintiffs filed a Motion for Joinder seeking to add Mirabella as a party defendant, less than two months after voluntarily dismissing their claims against that same entity. In support of their Motion for Joinder, plaintiffs rely on the passage in Rule 19 providing that "[i]f a person has not been joined as required, the court must order that the person be made a party." Rule 19(a)(2), Fed.R.Civ.P. Only if a required party cannot be joined should the court consider whether dismissal is appropriate.[2] So, in other words,

---

[2]     *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011) ("If they are required parties, but cannot be joined – i.e., because they are non-diverse – Rule 19(b) provides a list of factors to determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.") (citation and internal quotation marks omitted); *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d (Continued)

plaintiffs do not dispute that Mirabella is a "required party" within the meaning of Rule 19(a), but instead simply move to join Mirabella as a party defendant and thereby moot Ard Contracting's argument for dismissal under Rule 19(b).

The critical question, then, is whether Mirabella can be joined in this action and thereby circumvent Ard Contracting's Rule 19(b) Motion. Plaintiffs' procedural justification for joinder of Mirabella lies in Rule 4(k)(1)(B), Fed.R.Civ.P., which provides that serving a summons establishes personal jurisdiction over a defendant "who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued." *Id.*[3] The practical effect of Rule 4(k)(1)(B) is that, as a general proposition, if a party "has minimum contacts with the 100-mile bulge area, the district court in the forum state gains personal jurisdiction over such party through service of process." *Quinones v. Pennsylvania General Ins. Co.*, 804 F.2d 1167, 1174 (10th Cir. 1986).

Ard Contracting's sole argument that Mirabella cannot be joined in this action, such that dismissal is warranted pursuant to Rule 19(b), is that Rule 4(k)(1)(B) is inapplicable here. In particular, Ard Contracting posits that Mirabella is located outside the 100-mile bulge area. This contention is incorrect. The text of Rule 4(k)(1)(B) states clearly that it applies to a party joined under Rule 19 that is served "not more than 100 miles from where the summons was issued." Any summons for Mirabella in this case would be issued in Mobile, Alabama, where the Clerk of Court and Clerk's Office are located. Plaintiffs' filings reflect that both Mirabella's principal place of business and the address for its registered agent for service of process are located in Pensacola, Florida. (Doc. 28, Exh. A.) Pensacola, Florida is less than 100 miles from Mobile, Alabama, as the crow flies; therefore, Mirabella would be subject to the bulge provision of Rule

---

1263, 1280 (11th Cir. 2003) ("If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.") (citation omitted).

[3] "The fundamental federal policy underlying the 100-mile bulge provision of [Rule 4(k)(1)(B)] is that the benefits that may be obtained from the disposition by a federal court of an entire controversy far outweigh the burden of requiring an appearance in a federal court located in a state other than his own, by an impleaded party properly served within the modest bulge area around the forum." *Fitzgerald v. Wal-Mart Stores East, LP*, 296 F.R.D. 392, 394 (D. Md. 2013) (citations omitted).

4(k)(1)(B) if it were served with process in this case.  *See generally Sprow v. Hartford Ins. Co.*, 594 F.2d 412, 417-18 (5th Cir. 1979) (for purposes of measuring distance for the 100-mile bulge provision, "[a] number of our courts have adopted the 'as the crow flies' mode of calculation … and we elect to embrace it as the standard for this circuit").  Mirabella lies within the bulge, and would therefore be subject to the jurisdictional provisions of Rule 4(k)(1)(B) upon service of process.

In arguing otherwise, Ard Contracting insists that this is a Northern Division case, that the 100-mile bulge should therefore be measured from the Northern Division courthouse in Selma, Alabama, and that Pensacola, Florida is more than 100 miles from Selma.  This contention is unpersuasive for at least two critical reasons.  First, this is a Southern Division case, not a Northern Division case.  The plaintiff filing a complaint selects the forum, both in terms of district and division.  The Complaint for Declaratory Judgment filed by plaintiffs on May 2, 2016, plainly and unambiguously reflects that the case was filed "In the United States District Court Southern District of Alabama Southern Division."  (Doc. 1, at 1.)  There has been no court order transferring this case from the Southern Division to the Northern Division pursuant to 28 U.S.C. § 1404, which allows a district court to "transfer any civil action to any other district *or division* where it might have been brought."  *Id.* (emphasis added).  As such, this case is now – and always has been – a Southern Division case.[4]

Second, even if this case were a Northern Division case, which it is not, Ard Contracting's argument would still falter because the 100-mile bulge is measured "from where the summons was issued."  Rule 4(k)(1)(B).  All summonses for Southern District of Alabama

_____

[4]     In asserting otherwise, Ard Contracting indicates that the case number assigned by the Clerk's Office is "2:16-cv-00185," with the "2" representing Northern Division.  Ard Contracting further points to the Preliminary Scheduling Order entered on July 7, 2016, which specifies that "this is a Northern Division case."  (Doc. 12, ¶ 4.)  Those discrepancies are the product of a clerical error by the Clerk's Office.  When this civil file was opened, Clerk's Office personnel mistakenly designated this action as a Northern Division case.  That mistake (which has since been corrected) carried over into the "2" prefix on the case number and the reference to the Northern Division in the Preliminary Scheduling Order.  The Clerk of Court is not empowered to overrule a plaintiff's choice of forum.  Plaintiffs having unambiguously indicated in their Complaint that they were filing this action in the Southern Division, that is where the case was filed, notwithstanding the Clerk's inadvertent mislabeling of this action as a Northern Division case at intake.  The court file now properly reflects the case number as being Civil No. 1:16-cv-00185-WS-M, as it should have been from the start.

cases are issued from the Clerk's Office in Mobile, Alabama. There is no separate Clerk's Office in Selma, and no civil summonses are issued from that location. Even in Northern Division cases, court is held in Mobile, Alabama, unless otherwise ordered by the Court in a particular case. *See* General L.R. 77(a) ("Court for the Northern Division shall be held in Selma ***when ordered by the Court in a particular case***.") (emphasis added). There has never been an order entered in this case ordering that court will be held in Selma, Alabama; to the contrary, the Preliminary Scheduling Order says precisely the opposite. (Doc. 12, ¶ 4 ("the trial will be held in the federal Courthouse in Mobile, Alabama").) Thus, any summons for Mirabella would be issued by the Clerk's Office in Mobile, which is less than 100 miles from Mirabella's service address in Pensacola, such that Rule 4(k)(1)(B) would apply, in any event.

The bottom line is straightforward: Plaintiffs have shown that Mirabella may be served within 100 miles from where a summons would be issued in this case. As such, plaintiffs may avail themselves of the 100-mile "bulge" provision of Rule 4(k)(1)(B) to establish personal jurisdiction over Mirabella. This, in turn, means that Mirabella can be joined in this action for purposes of Rule 19(b), Fed.R.Civ.P., and that dismissal for nonjoinder of that party is therefore inappropriate.

In light of the foregoing, plaintiffs' Motion for Joinder of Non-Party (doc. 28) is **granted**. Plaintiffs are **ordered**, on or before **September 27, 2016**, to file an amended complaint and proposed summons to effectuate the joinder of Mirabella Owners' Association, Inc. Because the purportedly indispensable party is now being joined as a party defendant, Ard Contracting's Motion to Dismiss for Failure to Join an Indispensable Party (doc. 21) is **moot**. Ard Contracting is **ordered** to file an answer to the amended complaint on or before **October 11, 2016**.

DONE and ORDERED this 19th day of September, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE